**ATTORNEY GENERAL**
**DEPARTMENT OF JUSTICE**

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

GORDON J. MACDONALD
ATTORNEY GENERAL

ANN M. RICE
DEPUTY ATTORNEY GENERAL



EXHIBIT A-2



April 9, 2018

Diversion Investigator Gabrielle Stern
Drug Enforcement Administration
Manchester District Office
324 South River Road
Bedford, NH 03110

Dear Investigator Stern,

    I represent the New Hampshire Board of Pharmacy, which operates and maintains the New Hampshire Prescription Drug Monitoring Program ("PDMP"). On March 5, 2018, you served an administrative subpoena, pursuant to 21 U.S.C. § 876(a) of the Controlled Substances Act ("CSA"), on the PDMP. The subpoena seeks the PDMP to "provide any and all records regarding ███████████████████████, being maintained by the New Hampshire Prescription Drug Monitoring Program from February 28, 2016 through February 28, 2018." The subpoena requested the documents be delivered to the DEA's Manchester District Office by March 11, 2018. You agreed to a thirty day extension of that deadline. This letter constitutes our response.

    Upon review of the subpoena and the applicable law, the New Hampshire Pharmacy Board objects to providing the DEA with the information requested in the subpoena for at least the following reasons.

    **I. The CSA Does Not Authorize The DEA To Subpoena States Or Their Sovereign Agencies.**

    The New Hampshire Pharmacy Board is a sovereign agency of the State of New Hampshire. RSA 318-B:2; *see* RSA 541-A:1, II ("'Agency' means each state board, commission, department, institution, officer, or any other state official or group, other than the legislature or the courts, authorized by law to make rules or to determine contested cases."); RSA 541-B:1, I ("'Agency' means all departments, boards, offices, commissions, institutions, other instrumentalities of state government, including but not limited to the Pease development authority, division of ports and harbors, the New Hampshire housing finance authority, the New Hampshire energy authority, the community college system of New Hampshire, . . . and the general court, including any official or employee of same when acting in the scope of his or her elected or appointed capacity, but excluding political subdivisions of the state.").

The New Hampshire Pharmacy Board operates, maintains, and oversees the PDMP. The PDMP is not a separate legal entity; it is a program established by RSA 318-B:31-41. *See* RSA 318-B:31, I ("'Board' means the pharmacy board, established in RSA 318:2."); RSA 318-B:32, I ("The board shall design, establish, and contract with a third party for the implementation and operation of an electronic system to facilitate the confidential sharing of information relating to the prescribing and dispensing of schedule II-IV controlled substances, by prescribers and dispensers within the state.").

21 U.S.C. § 876 of the CSA does not provide the DEA with the authority to subpoena a State or one its sovereign agencies like the New Hampshire Pharmacy Board as a matter of law. To begin with, Section 876(b) authorizes service of subpoenas only upon natural persons or upon "domestic or foreign corporation[s] or upon a partnership or other unincorporated association." The State and its sovereign agencies are not mentioned in Section 876(b).

Section 876(c) authorizes enforcement of subpoenas issued under it only against "any person." The CSA does not define the term "person." However, the general rule of statutory construction is that the term "person" is not ordinarily construed to include the State or its sovereign agencies or officers. *See, e.g.*, *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780 (2000) ("We must apply to this [statutory] text [of 31 U.S.C. § 3729(a)] our longstanding interpretive presumption that 'person' does not include the sovereign."); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" as a matter of statutory construction); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 275 (1947) ("In common usage that term ['person'] does not include the sovereign, and statutes employing it will ordinarily not be construed to do so."); *AG of Can. v. RJ Reynolds Tobacco Holdings*, 103 F. Supp. 2d 134, 147 (N.D.N.Y. 2000) ("As a general rule, the term 'person' does not include the sovereign."); *see also* 1 U.S.C. § 1 (defining the term "person" to include corporate entities, but not to include the State or its sovereign agencies or officers). Consequently, under Section 876, the DEA has no authority to enforce a subpoena against the State or its sovereign agencies.

The text and context of the CSA support this result for at least several reasons. First, while the CSA does not define the term "person," it expressly defines the term "State" to mean "a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States." The CSA then uses the terms "person" and "State" throughout its statutory text differently, including within statutory sections, and without any indication that the definitions overlap. *See, e.g.*, 21 U.S.C. § 882(c) (authorizing a "State" to bring certain actions against "a person, entity, or Internet site" that violates specific statutory provisions). The term "State" or "State of the United States" is typically construed to include state agencies and state officials. *See Will*, 491 U.S. at 71 ("But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."); *see also Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 (1st Cir. 2009) ("States and their agencies are entitled to sovereign immunity regardless of the relief sought.") (internal quotations omitted).

Second, the CSA recognizes "State boards of pharmacy" as entities that should receive certain notifications that the United States Attorney General receives under 21 U.S.C. § 831 and

makes no mention of that term being synonymous with the term "person" as used in 21 U.S.C. § 876 or in the CSA generally.

Third, 21 U.S.C. § 873, which appears within the same subsection as 21 U.S.C. § 876, contemplates "cooperative arrangements" with the States, not relationships where information can be demanded by subpoena. Indeed, the statute expressly directs the United States Attorney General to "cooperate with . . . State . . . agencies concerning traffic in controlled substances and in suppressing the abuse of controlled substances." 21 U.S.C. § 873(a). In furtherance of this cooperation, the statute authorizes the Attorney General to do certain things like: (1) "*arrange for the exchange of information* between governmental officials concerning the use and abuse of controlled substances"; (2) "*cooperate in the institution and prosecution of cases* in the courts of the United States and before the licensing boards and courts of the several States"; and (3) "enter into contractual agreements with State . . . and local law enforcement agencies to provide for *cooperative enforcement and regulatory activities* under this chapter." (emphasis added). These provisions would, in significant part, be rendered meaningless if the United States Attorney General could simply coerce a State or its sovereign agencies into action via subpoena.

Fourth, in addition to 21 U.S.C. § 873, other CSA provisions acknowledge cooperative federalism principles and seek to preserve State sovereignty and autonomy, free of coercion or preemption by the federal government. For example, 21 U.S.C. § 882(c)(3) specifies that, in authorizing States to bring certain civil actions under its provisions, "nothing in this chapter shall prevent an attorney general of a State from exercising the powers conferred on the attorney general of a State by the laws of such State to conduct investigations or to administer oaths or affirmations or to compel the attendance of witnesses of or the production of documentary or other evidence." 21 U.S.C. § 903 also takes care to specify a very narrow standard for when the CSA preempts State law: "No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together." This preemption standard is purposefully respectful of State sovereignty and autonomy, much like the cooperation provisions of 21 U.S.C. § 873.

Thus, the text and context of the CSA itself reveal that the term "person" as used in 21 U.S.C. § 876 does not, and was never meant to, extend to the States and their sovereign agencies. Rather, the unambiguous text of the CSA reveals a statutory scheme that is highly protective of individual State sovereignty and autonomy and authorizes the United States Attorney General, through the DEA or otherwise, only to cooperate with the States and their sovereign agencies, not to coerce them into action via subpoena.

Accordingly, for at least all of the above reasons, the March 5, 2018 subpoena is *ultra vires*, is not for a proper purpose authorized by Congress, and seeks information that is not within the DEA's authority to obtain via subpoena under 21 U.S.C. § 876. *See, e.g., United States v. Comley*, 890 F.2d 539, 541 (1st Cir. 1989) ("In general, an agency subpoena is enforceable if it is for a proper purpose authorized by Congress, the information sought is relevant to that purpose and adequately described, and statutory procedures are followed in the

subpoena's issuance."); *Reich v. Sturm, Ruger & Co.*, 903 F. Supp. 239, 244 (D.N.H. 1995) (observing, among other things, that one of the limitations on administrative subpoenas is that the subpoena must be within the agency's authority). Moreover, under the plain language of 21 U.S.C. § 876(c), the DEA lacks the authority to enforce the March 5, 2018 subpoena against the New Hampshire Pharmacy Board. The New Hampshire Pharmacy Board will therefore not be providing records pursuant to it.

### II. If The DEA Desires The Information Sought In Its March 5, 2018 Subpoena, It Will Have To Comply With RSA 318-B:34 Or RSA 318-B:35 In Order To Obtain It.

The CSA contemplates voluntary, cooperative relationships with the States and their sovereign entities. Consequently, state law provisions that either wholly forbid the DEA from obtaining information collected by a State or one of its sovereign agencies or attach cooperative efforts and other procedures to that process are not, as a matter of law, preempted by 21 U.S.C. § 876. While we understand that at least two other courts have held that similar state statutes are preempted by U.S.C. § 21 U.S.C. § 876, the question of the DEA's authority to issue and enforce a subpoena against a State or its sovereign agencies under 21 U.S.C. § 876 was never addressed in those cases. *Or. Prescription Drug Monitoring Program v. United States DEA*, 860 F.3d 1228 (9th Cir. 2017); *DEA v. Utah Department of Commerce*, No. 16-CV-611 (D. Utah 2017). Thus, we do not view those cases as controlling or dispositive and would suggest that those cases were wrongly decided.

Instead, for the reasons given in Section I above, subpoenas issued against the States and their sovereign agencies under 21 U.S.C. § 876 are *ultra vires*, are not for a proper purpose authorized by Congress, are not within the DEA's authority, and are not enforceable under the plain language of 21 U.S.C. § 876(c). The CSA calls for cooperative arrangements with the States, not relationships where information can be demanded by subpoena. Accordingly, the CSA does not preempt any of the provisions of RSA 318-B:34 or RSA 318-B:35 and, if the DEA desires information contained in the PDMP, it must work cooperatively through those state statutes to obtain it.

In sum, the New Hampshire Pharmacy Board will not be supplying the information requested in its March 5, 2018 subpoena. That subpoena is legally invalid, is not authorized by the CSA, and cannot be enforced against New Hampshire or its sovereign agencies like the New Hampshire Pharmacy Board. If you have any questions or concerns, please feel free to contact either myself or Assistant Attorney General Tom Broderick.

Sincerely,

Anthony Galdieri
Assistant Attorney General
Civil Bureau

4

Cc:  Tom Broderick, Assistant Attorney General, New Hampshire Department of Justice
Michael Bullek BSP, R.Ph, Administrator/Chief of Compliance, New Hampshire Board of Pharmacy
Claire M. Brennan, Diversion Program Manager, U.S. Department of Justice

**Department of Justice**
**Drug Enforcement Administration**

**FAX Transmittal Sheet for DEA Sensitive Information Only**

| 02/28/2018 | Number of pages being Transmitted _____ |
|---|---|
| Transmission Date (mm/dd/yyyy) | (Including this transmittal sheet) |

Subpoena Nbr. CG-18-352322  Case Nbr. CG-18-2001

**TO:** New Hampshire Office of the Attorney General

ATTN: 33 Capitol Street Concord, NH 03301

**From:** Drug Enforcement Administration

ATTN: Diversion Investigator Gabrielle Stern
At: Manchester District Office 324 South River Road, Bedford, NH 03110
Phone: 603-628-7411ext169
Fax: 603-628-7488

**Additional Comments**

**NOTICE: This is an official government communication that may contain privileged or sensitive information intended solely for the individual or entity to which it is addressed. Any review, retransmission, dissemination, or other use or action taken upon this information by persons or entities other than the intended recipient is prohibited. If you are not the intended recipient or believe you received this communication in error, please contact the sender immediately.**

Note: If you have any problems with this transmission (incorrect number of pages/poor quality), call the sender and request retransmission.

## U.S. DEPARTMENT OF JUSTICE/DRUG ENFORCEMENT ADMINISTRATION
## SUBPOENA

In the matter of the investigation of
Case No: CG-18-2001
Subpoena No. CG-18-352322

**TO:** The New Hampshire Prescription Drug Monitoring Program, care of the New Hampshire Office of the Attorney General
AT: 33 Capitol Street Concord, NH 03301

**PHONE:** 6032713658
**FAX:**

**GREETING:** By the service of this subpoena upon you by DI Gabrielle Stern who is authorized to serve it, you are hereby commanded and required to appear before DI Gabrielle Stern, an officer of the Drug Enforcement Administration to give testimony and to bring with you and produce for examination the following books, records, and papers at the time and place hereinafter set forth:

Pursuant to an investigation of violations of 21 U.S.C. 801 et seq., you are to provide any and all records regarding ███████████████████████, being maintained by the New Hampshire Prescription Drug Monitoring Program from February 28, 2016 through February 28, 2018. This is an administrative subpoena issued by the Drug Enforcement Administration (DEA), a federal law enforcement agency, for records that may include protected health information. DEA is authorized by 21 U.S.C. § 876 to issue an administrative subpoena and is permitted by 45 C.F.R. § 164.512(f) to request protected health information. The information sought is relevant and material to a legitimate law enforcement inquiry; the subpoena is specific and limited in scope to the extent reasonably practicable in light of the purpose for which the information is sought; and de-identified information cannot reasonably be used. NONDISCLOSURE: Disclosure of any information concerning this subpoena would impede a federal law enforcement investigation. Pursuant to 45 C.F.R. § 164.528(a)(2), you must suspend notice to any individual whose protected health information is disclosed in response to this subpoena for a period of two (2) years.

Please do not disclose the existence of this request or investigation for an indefinite time period. Any such disclosure could impede the criminal investigation being conducted and interfere with the enforcement of the Controlled Substances Act.

Please direct questions concerning this subpoena and/or responses to Diversion Investigator Gabrielle Stern, 603-628-7411ext169.

Place and time for appearance: At Manchester District Office 324 South River Road, Bedford, NH 03110 on the 11th day of March, 2018 at 09:00 AM. In lieu of personal appearance, please email records to Gabrielle.N.Stern@usdoj.gov or fax to 603-628-7488.

Failure to comply with this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Issued under authority of Sec. 506 of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Public Law No. 91-513
(21 U.S.C. 876)

**ATTESTED COPY**

Signature: *Claire M Brennan*

Claire M. Brennan
Diversion Program Manager

Issued this 28th day of Feb 2018

FORM DEA-79

## U.S. DEPARTMENT OF JUSTICE/DRUG ENFORCEMENT ADMINISTRATION
## SUBPOENA

In the matter of the investigation of
Case No: CG-18-2001
Subpoena No. CG-18-352322

**TO:** The New Hampshire Prescription Drug Monitoring Program, care of the New Hampshire Office of the Attorney General
AT: 33 Capitol Street Concord, NH 03301

**PHONE:** 6032713658
**FAX:**

**GREETING:** By the service of this subpoena upon you by DI Gabrielle Stern who is authorized to serve it, you are hereby commanded and required to appear before DI Gabrielle Stern, an officer of the Drug Enforcement Administration to give testimony and to bring with you and produce for examination the following books, records, and papers at the time and place hereinafter set forth:

Pursuant to an investigation of violations of 21 U.S.C. 801 et seq., you are to provide any and all records regarding ███████████████████████, being maintained by the New Hampshire Prescription Drug Monitoring Program from February 28, 2016 through February 28, 2018. This is an administrative subpoena issued by the Drug Enforcement Administration (DEA), a federal law enforcement agency, for records that may include protected health information. DEA is authorized by 21 U.S.C. § 876 to issue an administrative subpoena and is permitted by 45 C.F.R. § 164.512(f) to request protected health information. The information sought is relevant and material to a legitimate law enforcement inquiry; the subpoena is specific and limited in scope to the extent reasonably practicable in light of the purpose for which the information is sought; and de-identified information cannot reasonably be used. NONDISCLOSURE: Disclosure of any information concerning this subpoena would impede a federal law enforcement investigation. Pursuant to 45 C.F.R. § 164.528(a)(2), you must suspend notice to any individual whose protected health information is disclosed in response to this subpoena for a period of two (2) years.

Please do not disclose the existence of this request or investigation for an indefinite time period. Any such disclosure could impede the criminal investigation being conducted and interfere with the enforcement of the Controlled Substances Act.

Please direct questions concerning this subpoena and/or responses to Diversion Investigator Gabrielle Stern, 603-628-7411ext169.

Place and time for appearance: At Manchester District Office 324 South River Road, Bedford, NH 03110 on the 11th day of March, 2018 at 09:00 AM. In lieu of personal appearance, please email records to Gabrielle.N.Stern@usdoj.gov or fax to 603-628-7488.

Failure to comply with this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Issued under authority of Sec. 506 of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Public Law No. 91-513
(21 U.S.C. 876)

**ORIGINAL**

Signature: _Claire M Brennan_
Claire M. Brennan
Diversion Program Manager

Issued this 28th day of Feb 2018

FORM DEA-79