UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES DEPARTMENT OF JUSTICE,

        Petitioner

v.                                                                                   Case No. 18-mc-00056

MICHELLE RICCO JONAS,

        Respondent

## SURREPLY IN SUPPORT OF OBJECTION TO PETITION TO COMPEL COMPLIANCE WITH ADMINISTRATIVE SUBPOENA

The Office of the Attorney General is mindful of the admonition that "surreplies are not encouraged and should be filed only in exceptional circumstances," L.R. 7.1(e)(3).  It therefore limits this Surreply to two brief points raised by the USDOJ.

*First*, the USDOJ Reply continues to avoid any substantive discussion of the CSA, including 21 U.S.C. § 876, which delimits the U.S. Attorney General's authority to obtain records via subpoena.  Indeed, the DEA persists in pointing to case law, like *Ott v. City of Milwaukee*, 682 F.3d 552 (7th Cir. 2015) that has nothing to do with the CSA, including those provisions which guide a proper analysis of what "persons" are subject to subpoena thereunder.

*Ott* draws from *Yousuf v. Samantar*, 451 F.3d 248 (D.C. Cir. 2006)[1] in which Somali nationals sought U.S. State Department records of human rights abuses by the Somali armed forces.  The USDOJ resisted a Fed. R. Civ. P. 45 Subpoena, citing the "interpretive presumption that the Government is not a 'person'" within the meaning of that Rule.  *Yousuf*, 451 F.3d at 253.  Of course, as discussed in Ms. Ricco Jonas' Objection, that presumption "may be disregarded

---

[1] Both cases are cited in the USDOJ's Opening Memorandum, Doc. # 1-1.

1

only upon some affirmative showing of statutory intent to the contrary." *Vt. Agency of Nat. Res v. . United. States ex rel. Stevens*, 529 U.S. 765, 781 (2000).  Thus, the *Yousuf* Court undertook an exhaustive analysis of Fed. R. Civ. 45, reading the text *in pari materia* with those rules <u>in proximity to it</u>, including Federal Rules of Civil Procedure 4 and 30, which specifically refer to "the United States" or the "government."  *See Andrews v. United States*, 441 F.3d 220 (4th Cir. 2006) ("Under the *in pari materia* canon, *neighboring* statutory subsections that refer to the same subject matter 'must be read … as if they were a single statute.'") (emphasis supplied) (citation omitted).  Only then did *Yousuf* conclude that a "person" under Fed. R. Civ. Rule 45 included the United States.  *Ott* extends *Yousuf* (and "persons" under Rule 45) to States.

Of course, the Ricco Jonas Objection (ECF Doc. # 7) performed the same analytical work undertaken by the *Yousuf* Court – reading Section 876(c) of the CSA *in pari materia* with "neighboring" sections of the same Act, including §§ 802(26), 822 873, 876(b), 878, 882, and 903.  *See* Objection (ECF Doc. # 7) at 14-19.  That analysis, along with the discussion of a clearly consistent legislative history, *id.* at 19-21, led to the conclusion that "persons" under Section 876 did *not* include the DEA's partner States or their sovereign agencies and officials.

The USDOJ does not perform an *in pari materia* analysis.  Rather, it incorrectly urges this Court to read Section 876(c) of the CSA "*in pari materia*" **only** with unrelated rules and statutes *outside* the CSA (*e.g.*, Fed. R. Civ. P. 45) – and, indeed, only with those unrelated rules and statutes that favor its position.  *See* Response (ECF Doc. # 8) at 8.  This is because, according to the USDOJ, "the specific language" of the CSA's statutory regime, including its "cooperative thrust[,] do not appear to have been the animating forces in Congress choosing the word 'person' when enacting §§ 876(b) and (c)."  *Id*.  Putting aside the absence of any actual evidence or authority for this proposition, the United States Supreme Court's rules of statutory

construction generally assume cohesive, rather than disjointed, draftsmanship within a single statutory regime – *i.e.*, the very basis for the *in pari materia* canon.  The USDOJ's Reply requests that this Court ignore these precedential rules of statutory construction so it can achieve the result it desires.  The Court should decline that request.

*Second*, the USDOJ purports to make short work of Ricco Jonas' assertion that – assuming Section 876 extends to States – the Program Director has *parens patriae* standing to assert the Fourth Amendment privacy rights of New Hampshire residents in their PDMP-kept prescription drug information.  According to the USDOJ,

> [t]he Supreme Court has long rejected the argument that the State can assert the constitutional rights of its citizens against the United States.  Massachusetts v. Mellon, 262 U.S. 447, 485-86 (1923).

Reply (ECF Doc. # 8) at 9.  The USDOJ misreads and misapplies *Mellon*.  Indeed, "it is a mischaracterization of *Mellon* … to speak of a 'prohibition' without further qualification."  *Aziz v. Trump*, 231 F. Supp.3d 23, 30 (D.C. Cir. 2017).  As the Supreme Court noted some eighty years later in *Massachusetts v. EPA*, 549 U.S. 497, 520 n. 17 (2007), "*Mellon* itself disavowed any such broad reading[.]"

As discussed in *Aziz*, and as observed in *Mellon*, the "rationale for barring *parens patriae* challenges to federal statutes has less force when 'ministerial,' or executive, action [ – in the instant case, the exercise of DEA administrative subpoena power in a manner that offends the Fourth Amendment – ] is challenged."  *Aziz*, 231 F. Supp.3d at 31, *citing Mellon*, 262 U.S. at 488.  "In such situations, a court is on more familiar terrain, determining whether the executive branch has lawfully discharged the authority allocated to it, rather than opining on more delicate questions of federal supremacy."  *Id*.  Thus, where, as here, the State "raises a constitutional

challenge to an executive act, … argu[ing] that the executive's action is contrary to other, superior federal law[,]" like the Fourth Amendment, *Mellon* does not stand in the way. *Id*.

The USDOJ relies squarely upon the unpublished opinion of the U.S. District Court for the District of Utah – *United States Dept of Justice v. Utah Dept of Commerce*, 2017 WL 3189868 (D. Utah July 27, 2017) – which embraced a broad, unqualified reading of the *Mellon* prohibition – something *Mellon* itself rejected. That unpublished opinion does not provide persuasive authority.

Further, Ms. Ricco Jonas, as New Hampshire's PDMP Program Director, has *direct* Article III standing, as "the States have a legally protected sovereign interest in "the exercise of sovereign power over individuals and entities within the relevant jurisdiction[, which] involves the power to create and enforce a legal code." *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982). Thus, the DEA's use of its administrative subpoena power in a manner that allegedly preempts contrary state law – here, overcoming the "probable cause" requirement under RSA 318-B:35, I (a)(3) – is a sufficient "injury-in-fact" to trigger Article III standing. *See Wyoming, ex rel. Crank v. United States*, 539 F.3d 1236, 1242 (10th Cir. 2008). Beyond that, Ms. Ricco Jonas plainly has Article III standing to challenge a DEA administrative subpoena that exposes her (a) to *criminal* liability under RSA 318-B:36, as discussed in her Objection (ECF Doc. # 7), *and* (b) to 42 U.S.C. § 1983 *civil* liability to the person whose name is redacted in the subpoena and who cannot, by the terms of the subpoena, receive notice of its existence and an opportunity to be heard.

Finally, the USDOJ Reply points in a concluding footnote to the unpublished District of Utah opinion – *Utah Dept of Commerce* – which found no expectation of privacy in prescription drug records, whether kept by a PDMP or not. This was because, according to that district court,

pharmaceuticals, like "mining, firearms and liquor," are so "pervasively regulated" that everybody expects "the prescription and use of controlled substances [to] happen under the watchful eye of the federal government." *Utah Dept of Commerce*, 2017 WL 3189868, at *8. That opinion is an outlier, not merely because the reasoning is not especially sound, but also because it is contrary to the law of its own Circuit – the Tenth – which declares that patients do indeed have "a constitutional right to privacy in [their] prescription drug records." *Douglas v. Dobbs*, 419 F.3d 1097, 1102 (10th Cir. 2005).

Respectfully submitted,

MICHELLE RICCO JONAS

By her attorney,

GORDON J. MACDONALD
ATTORNEY GENERAL

Date: September 17, 2018      By: /s/ Anthony J. Galdieri
Anthony J. Galdieri, Bar # 18594
Senior Assistant Attorney General
Lawrence M. Edelman, Bar # 738
Attorney, Civil Bureau
New Hampshire Dept. of Justice
33 Capitol Street
Concord, NH 03301
(603) 271-3650
anthony.galdieri@doj.nh.gov
lawrence.edelman@doj.nh.gov

**Certificate of Service**

I hereby certify that a copy of the foregoing Surreply in Support of Objection to Petition to Compel Compliance with Administrative Subpoena was served this 17th day of September, 2018, on all counsel of record, via the ECF System.

/s/ Lawrence M. Edelman
Lawrence M. Edelman