UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE ) | |
| ) | |
| v.                                                                          ) | 1:19-cv-030-LM |
| ) | |
| MICHELLE RICCO JONAS                                   ) | |

UNITED STATES DEPARTMENT OF JUSTICE'S
OBJECTION TO MOTION FOR STAY PENDING APPEAL

I.     INTRODUCTION.

On January 29, 2019, this Court issued judgment requiring Michelle Ricco Jonas, the manager of the New Hampshire Prescription Drug Database (PDMP), to comply with a United States Drug Enforcement Administration administrative subpoena to provide certain documents that are in her possession, custody or control within thirty days of this Court's order.  Jonas has filed a notice of appeal from the judgment and now asks this Court to stay execution of the judgment pending appeal.

In seeking a stay, Jonas asserts that he she has a likelihood of success on appeal and that enforcing the order now would cause her irreparable harm.  She is wrong.  Pertaining to likelihood of success on the merits, Jonas' arguments that (1) as a state official, she cannot be required to comply with a DEA subpoena and (2) the Fourth Amendment requires the use of a search warrant (and not a subpoena) to obtain prescription drug records are not close questions. Thus, she cannot show the necessary likelihood of success.

Moreover, there is no irreparable harm.  Jonas cannot assert an alleged Fourth Amendment interest of a non-party to demonstrate the required irreparable injury and in any event, the claimed privacy interest in prescription records that allegedly would be impaired by the Court's order does not exist. Additionally, Jonas will have the opportunity to challenge

validity of the PDMP search warrant requirement on the appeal in this matter without a stay since Jonas' compliance with the order will not moot her appeal. Finally, the notion that Jonas could be prosecuted for a state crime for following a federal court order is so plainly inconsistent with the Supremacy Clause that it cannot possibly establish irreparable injury.  On the other side of the irreparable injury scale, however, the Department of Justice will be harmed by a stay.  Delaying the production of the PDMP documents for several months while this appeal proceeds to conclusion stymies the progress of an ongoing criminal investigation.  Therefore, this Court should deny Jonas' stay request to allow the investigation to advance while the appeal proceeds.

II.     THE STAY-PENDING-APPEAL STANDARD.

The burden for obtaining a stay pending appeal rests with Jonas.  Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010). In deciding whether to grant a stay, this Court considers four factors: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether the issuance of relief will substantially harm the other party; and (4) where the public interest lies.  Nken v. Holder, 556 U.S. 418, 434 (2009).  In conducting this analysis, the first two factors are the most important.  There can be no relief unless the applicant shows both likelihood of success and irreparable injury.  Respect Maine PAC, 622 F.3d at 15.  This is so because a stay is not a matter of right, even where irreparable injury might otherwise result.  Nken, 556 U.S. at 433.

III.    JONAS HAS NOT SHOWN A LIKELIHOOD OF SUCCESS ON THE MERITS.

For Jonas to show a likelihood of success, she must do more than show a better than negligible chance of success or that there is a mere possibility of relief. Nken, 556 U.S. at 434.

Rather, she most show a "strong likelihood that [she] will ultimately prevail." <u>Sindicato Puertorriqueno de Trabajadores v. Fortuno</u>, 699 F.3d 1, 10 (1st Cir. 2012).

Jonas' arguments do not remotely meet this standard.  Jonas has identified two arguments that she intends to raise on appeal.  First, she says that the Court cannot enforce a subpoena served on her for documents that she controls based on her government position. In this regard, Jonas says that the subpoena enforcement action against her is an official capacity action.  Thus, according to Jonas, this Court cannot enforce a subpoena served on a government employee because the action to enforce the subpoena is an action against the State and the federal statute authorizing enforcement of the subpoena does not authorize the enforcement of subpoenas served on the State.

As the Department of Justice has highlighted in all of its previous filings, Jonas' argument has been rejected by multiple courts in the Eleventh Amendment context.  Docket Numbers 8, 10 & 16. In the cases cited by the Department of Justice, parties have sought to enforce subpoenas in federal court that were served on state employees for state records.  If those enforcement actions were official capacity actions, the claims would have been barred by the Eleventh Amendment because an official capacity action is akin to an action against the State.  In every case, the federal court has held that Eleventh Amendment immunity does not apply because the action to enforce the subpoena was not an official capacity action.

Jonas' argument is the same here.  She says that the enforcement action against her is an official capacity action and therefore it is an action against the State, which she claims is barred by the subpoena authorizing statute.  The predicate to both Jonas' claim about the scope of the subpoena-enforcement power under the federal statute and the Eleventh Amendment claims about subpoenas served on state officials is that the subpoena-enforcement action is an official

capacity action and therefore an action against the State. That is precisely the argument rejected by the cases cited in the Department of Justice's prior pleadings.

Jonas' only response to the Department of Justice's argument is to point out that this is not an Eleventh Amendment claim and to assert that the Court's reliance on the Eleventh Amendment cases is a non-sequitur. But, despite now having had repeated opportunities to do so, Jonas has failed to provide an argument for why the Eleventh Amendment analogy does not hold. The reason for that failure presumably is that there is no such argument. Thus, Jonas has not demonstrated a likelihood of success in succeeding on this claim.

Jonas' Fourth Amendment claim is no better. In its response to Jonas' objection to the magistrate judge's report and recommendation, the Department of Justice thoroughly briefed the Fourth Amendment issue and relies on that argument here as to why the claim is not likely to succeed on appeal. DN 16. It is worth noting that Jonas asked this Court for oral argument, which the Court declined, presumably because the Court did not believe that the issue was sufficiently close such that oral argument was necessary. In short, Jonas has not shown that there is a strong likelihood that she will ultimately prevail on appeal.

IV. <u>JONAS HAS NOT SHOWN IRREPARABLE HARM.</u>

Jonas argues that there is irreparable harm in three respects: (1) the release of the requested documents will harm the Fourth Amendment interests of the person that is the subject of the documents; (2) Jonas will lose the right to challenge the validity of the PDMP search warrant requirement if she is forced to produce documents now; and (3) Jonas will be exposed to state criminal prosecution if she complies with this Court's order. These arguments fail.

Jonas' first argument is an effort to raise the potential Fourth Amendment injury of the person mentioned in the PDMP records under subpoena. In arguing irreparable harm, Jonas can

only assert her own injury, not the potential injury to a third-party. East Bay Sanctuary Convenant v. Trump, __ F. Supp. 3d __., 2018 WL 6660080, at *13 (N.D. Cal. Dec. 19, 2018)("Because . . . the Organizations lack third-party standing, this Court considers only whether the Organizations themselves have made a sufficient showing of irreparable harm."); Singh v. Carter, 185 F. Supp. 3d 11, 21 n.4 (D.D.C. 2016) (stating that the effect of court order on third-parties is irrelevant to irreparable harm analysis and therefore "the Court need not address it").  It is well-established that "Fourth Amendment rights are personal to each [person] and may not be asserted vicariously."  United States v. Torres, 162 F.3d 6, 10 (1st Cir. 1998). Thus, Jonas cannot establish irreparable harm by describing a potential injury to a person who is not before the Court.

     Moreover, for the reasons discussed in the Department of Justice's filing in support of the magistrate judge's report and recommendation, there is no violation of anyone's Fourth Amendment rights because there is no reasonable expectation of privacy in prescription drug records.  DN 16.  Accordingly, even if Jonas could raise a third-party's argument for irreparable harm, that argument would fail here because it lacks merit.

     Jonas' second argument fails because it is based on a false premise, i.e., that complying with the Court order now, would moot her appeal and therefore she would lose the opportunity to vindicate the applicability of the search-warrant requirement of the PDMP statute when confronted with a federal subpoena.  In the Department of Justice's view, Jonas' turning over of the requested documents would not moot her appeal under the exception to the mootness doctrine for matters that are capable of repetition yet evading review.  That exception applies where the challenged action is in its duration too short to be fully litigated and there is a reasonable expectation that the complaining party will be subject to the same action again.  FEC

v. Wisconsin Right To Life, 551 U.S. 449, 463 (2007). The situation here fits that exception. Therefore, Jonas will not suffer harm on this basis since her appeal will allow her to attempt to vindicate her interests under the PDMP statute.

Jonas' final claim about state criminal prosecution is absurd. Jonas would be turning over the documents pursuant to a federal court order enforcing the DEA subpoena. Under the Supremacy Clause of the United States Constitution, she would be immune from state prosecution for complying with this Court's order. Washington v. Washington State, et al., 443 U.S. 658, 695 (1979); Peaje Investments LLC, v. Gacia-Padilla, 845 F. 3d 505, 514 n.5 (1st Cir. 2017); Badgley v. Santacroce, 800 F.2d 33, 38 (2d Cir. 1986); In re Grand Jury Subpoena, 596 F.2d 630, 632 (4th Cir. 1979); Gates v. Municipal Court, 9 Cal. App. 4th 45, 53-55 (1992). Thus, Jonas has not demonstrated that she is at risk of harm is required to comply with the subpoena now. Therefore, Jonas has failed to establish irreparable harm.

V.    ISSUING A STAY WOULD NEGATIVELY EFFECT
THE GOVERNMENT'S INTEREST IN COMPLETING ITS INVESTIGATION.

While Jonas has failed to show harm from requiring her to comply with the subpoena now, granting a stay will harm the government's availability to complete its investigation. Obviously, briefing and arguing this appeal will take many months at best. During that time, the government will not have access to important information necessary to further its investigation. This delay will no doubt harm the government's ability to further its interest in timely investigations and runs the risk that leads that may arise from the information sought in the subpoena will become stale or be lost before the government can obtain the information.

VI.    CONCLUSION.

Jonas has not shown a likelihood that she will succeed on her appeal or that she will suffer irreparable harm by complying with this Court's order before her appeal is decided. While

Jonas will not be harmed by requiring immediate compliance with the subpoena, the government will be harmed because it cannot complete its investigation until it receives the requested documents. For these reasons, this Court should deny Jonas' motion for a stay pending appeal.

Dated:  March 12, 2019

                                   Respectfully submitted,
                                   SCOTT W. MURRAY
                                   United States Attorney

                                   By:  /s/ Seth R. Aframe
                                   Seth R. Aframe, AUSA
                                   53 Pleasant Street, 5th Floor
                                   Concord, NH  03301
                                   (603) 225-1552
                                   seth.aframe@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this response has been forwarded this date via ECF electronic filing to all counsel of record.

                                   /s/ Seth R. Aframe
                                   Seth R. Aframe, AUSA